**UNITED STATES of America,**

v.

**Edmond P. LaFRANCE, Peter E. Knox and Richard A. LaFrance, Defendants.**

**Crim. No. 89–213–H.**

United States District Court,
D. Massachusetts.

Nov. 6, 1989.

---

8

Patrick Walsh, U.S. Atty., for U.S.

Michael Collora and William H. Kettlewell, Boston, Mass., for Edmond P. LaFrance.

Amos Hugh Scott, Choate, Hall & Stewart, Boston, Mass., for Richard A. LaFrance.

Thomas E. Peisch, Boston, Mass., for Peter E. Knox.

## MEMORANDUM AND ORDER

HARRINGTON, District Judge.

The defendants move to dismiss the indictment on the ground that Title 31, United States Code, Section 5324(3) is unconstitutional as being void-for-vagueness. 31 U.S.C. § 5324(3) sets forth, in pertinent part:

> No person shall for the purpose of evading the reporting requirements of section 5313(a) with respect to such transaction—
>
> .   .   .   .   .
>
> (3) structure or assist in structuring, or attempt to structure or assist in structuring, any transaction with one or more domestic financial institutions.

This Court rejects the defendants' void-for-vagueness arguments for the following reasons. First, the term "structuring" has a plain meaning, easily understood. *See United States v. St. Michael's Credit Union and Janice Sacharczyk*, 880 F.2d 579, 596 (1st Cir.1989) ("the essential character-istic of a structured transaction is that the customer effects several discrete 'physical transfer[s] of currency' ") (quoting *United States v. Gimbel*, 830 F.2d 621, 625–26 (7th Cir.1987); *accord United States v. Scanio*, 705 F.Supp. 768, 774 (W.D.N.Y.1988)).

Secondly, any generality of the term "structure" is restricted by the implied scienter requirement of Section 5324(3) as well as the specific scienter requirement of a related statute, 31 U.S.C. § 5322. *See Scanio*, 705 F.Supp. at 775 (quoting *Village of Hoffman Estates v. Flipside Hoffman Estates, Inc.*, 455 U.S. 489, 498–99, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982)) ("... a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed."). Finally, this Court following the standard established by the Supreme Court in *Hoffman Estates*, 455 U.S. at 494–95, 102 S.Ct. at 1191, would uphold a challenge only if the enactment were impermissibly vague in all its applications. This Court finds that the application of the statute to these charges is precisely the action which Congress intended the statute to proscribe.

As for defendants' hypothetical situations, in non-First Amendment areas, "one to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional." *United States v. Raines*, 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960).

In summary, a presumption of constitutionality of an act of the Congress is not lightly to be discarded. A District Court Judge must respect the will of the representatives of all the people, unless such enactment is clearly violative of the Constitution. This is not the case here. Motion to Dismiss is denied.